**UNITED STATES of America**

v.

**Chaka FATTAH, Sr., et al.**

**CRIMINAL ACTION NO. 15–346**

United States District Court,
E.D. Pennsylvania.

Signed 12/16/2016

Eric L. Gibson, Jonathan Ian Kravis, United States Department of Justice, Washington, DC, Paul L. Gray, Andrea Foulkes, Bea Witzleben, U.S. Attorney's Office, Philadelphia, PA, for United States of America.

Mark M. Lee, Samuel W. Silver, Bruce P. Merenstein, Schnader Harrison Segal & Lewis LLP, Kevin V. Mincey, Shabrei M. Parker, Thomas O. Fitzpatrick, Mincey & Fitzpatrick LLC, Riley H. Ross, III, Ross Legal Practice LLC, Catherine M. Recker, Amy B. Carver, Robert E. Welsh, Jr., Welsh & Recker, P.C., Barry Gross, Meredith C. Slawe, Mira E. Baylson, Drinker Biddle Reath LLP, Mariana Rossman, The Rossman Firm LLC, Dana Bazelon, Law Offices of Dana Bazelon, Ronald H. Levine, Matthew Todd Newcomer, Post & Shell, P.C., Ann Campbell Flannery, Philadelphia, PA, Henry W. Asbill, Jacob M. Roth, James M. Burnham, Julia Sheketoff, Noel John Francisco, Jones Day, Washington, DC, Peter Goldberger, Ardmore, PA, Steven R. Paisner, Paisner Litvin LLP, Bala Cynwyd, Pa, for Chaka Fattah, Sr, Herbert Vederman, Robert Brand, Karen Nicholas and Bonnie Bowser.

## MEMORANDUM

Bartle, District Judge.

On December 12, 2016, Philadelphia Media Network, PBC, publisher of The Philadelphia Inquirer and Philadelphia Daily News, filed a motion to intervene to seek access to records and information related to the dismissal of Juror 12 on June 17, 2016 in the political corruption trial of now former United States Congressman Chaka Fattah, Sr. and his four co-defendants. The court held a prompt hearing at which counsel for all parties in this action as well as the putative intervenor appeared. De-

fense counsel did not oppose the motion, and the Government took no position.

On June 15, 2016, after approximately five weeks of trial, the court gave the jury its instructions after all parties had rested. The jury deliberated for approximately one hour before the court recessed for the evening. The following morning, the jury returned to continue with its responsibilities. Early in the afternoon of that second day of deliberations, the jury foreperson delivered a note to the court reporting that one of the jurors was not deliberating in good faith. A short time later, the court received a second note, which had been signed by nine of the jurors and read:

> We feel that [Juror 12] is argumentative [and] incapable of making decisions. He constantly scream [sic] at all of us.[1]

The court halted deliberations and conducted an in camera hearing of five jurors, including the foreperson and Juror 12, in the presence of all counsel.[2] The court then recessed for the day without resolving the issue. The following morning, the court conducted a second in camera hearing in the presence of all counsel as a result of information it had received after the recess from the court's courtroom deputy clerk. She advised the court about statements Juror 12 had made to her at the end of the day. At the second hearing, the court took the testimony of the deputy clerk and Juror 12 under oath. At the conclusion, the undersigned made the following findings on the record:

I find my deputy clerk [ ] to be credible. I find the juror number 12 [ ] not to be credible.[3] I find that he did tell [the deputy clerk] that he was going to hang this jury no matter what. There have been only approximately four hours of deliberation. There's no way in the world he could have reviewed and considered all of the evidence in the case and my instructions on the law.

I instructed the jury to deliberate, meaning to discuss the evidence; obviously, to hold onto your honestly held beliefs, but at least you have to be willing to discuss the evidence and participate in the discussion with other jurors.

Juror number 12 has delayed, disrupted, impeded, and obstructed the deliberative process and had the intent to do so. I base that having observed him, based on his words and his demeanor before me. He wants only to have his own voice heard. He has preconceived notions about the case. He has violated his oath as a juror. And I do not believe that any further instructions or admonitions would do any good. I think he's intent on, as he said, hanging this jury no matter what the law is, no matter what the evidence is.

Therefore, he will be excused, and I will replace him with the next alternate, who

---

1. This June 16, 2016 note was erroneously dated June 15, 2016.

2. At times, the transcripts erroneously misidentify Juror 12 as Juror 2. The transcripts also misidentify the foreperson, who was Juror 2, as Juror 12.

3. In response to a question from the court, Juror 12 admitted that he told the deputy clerk that he intended to hang the jury. Thereafter, he attempted to backtrack:

THE COURT: Did you say to [the deputy clerk] that you're going to hang this jury?
JUROR 12: I said I would.
THE COURT: You did?
JUROR 12: I did. I said—I told her—I said, we don't agree; I'm not just going to say guilty because everybody wants me to, and if that hangs this jury, so be it.

We found this attempt to backtrack not to be credible.

is [ ].[4]

(Emphasis added).

After the alternate was substituted for Juror 12, the court reminded the jury of the obligation of all members to participate in the deliberations and instructed it to start deliberations over again from the beginning. By the time of the verdict on June 21, 2016, the jury had deliberated for a total of 15.75 hours: 6.25 hours on Friday, June 17, 2016; 7 hours on Monday, June 20, 2016; and 2.5 hours on Tuesday, June 21, 2016.

■■■ The court may, in its discretion, discharge a juror during deliberations for cause based on "bias, failure to deliberate, failure to follow the district court's instructions, or jury nullification when there is no reasonable possibility that the allegations of misconduct stem from the juror's view of the evidence." See United States v. Kemp, 500 F.3d 257, 304 (3d Cir. 2007). In particular, "a juror who refuses to deliberate ... violates the sworn jury oath and prevents the jury from fulfilling its constitutional role." See id. at 303 (quoting United States v. Boone, 458 F.3d 321, 329 (3d Cir. 2006)). Here, there is no doubt that Juror 12 intentionally refused to deliberate when he declared so early in the process that he would hang the jury no matter what. This finding was predicated on the admission of Juror 12 as reported by the court's deputy clerk. The facts became clear to the court after hearing the credible testimony of the deputy clerk and the less than credible testimony of Juror 12. The demeanor of Juror 12 before the court confirmed the court's findings.

■■■ The transcripts and related documents at issue were placed under seal while the jury was deliberating to protect it and the deliberative process. However, the court specifically granted the parties immediate access to the transcripts.[5] The reasons for confidentiality must be balanced against the right of public access to judicial proceedings and records. See United States v. Wecht, 484 F.3d 194, 207–08 (3d Cir. 2007). It is now nearly six months after the jury reached a verdict in this case, and there is no longer any reason why those transcripts and related documents should not be unsealed and made part of the public record.

Accordingly, the motion of Philadelphia Media Network, PBC to intervene to seek access to records and information related to the dismissal of Juror 12 will be granted. The relevant records will be unsealed.

### ORDER

AND NOW, this 16th day of December, 2016, for the reasons stated in the foregoing memorandum, it is hereby ORDERED that:

(1) the motion of intervenor Philadelphia Media Network, PBC to intervene to seek access to records and information related to dismissal of juror (Doc. # 582) is GRANTED; and

(2) the transcripts dated June 16, 2016 (Doc. # 487) and June 17, 2016 (Doc. # 508); the minute sheets and accompanying exhibits dated June 16, 2016 (Doc. # 470) and June 17, 2016 (Doc. # 474);

---

4. The names of the deputy clerk, Juror 12, and the alternate juror have been omitted from this Memorandum.

5. The motion of Philadelphia Media Network, PBC makes reference to an order of the court barring the parties or their counsel from discussing the circumstances of the dismissal of Juror 12. No such order has been put into effect.

and the Order dated July 6, 2016 (Doc. # 502) are unsealed.